**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| APPLE INC., | ) |
|             Plaintiff, | ) ) ) C.A. No. _____ |
| v. | ) ) **JURY TRIAL DEMANDED** |
| WRIST SP BIOTECH LLC, | ) ) |
|             Defendant. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT**

Plaintiff Apple Inc. ("Apple" or "Plaintiff") files this Complaint for Declaratory Judgment of Noninfringement against Defendant Wrist SP Biotech, LLC ("Wrist SP" or "Defendant") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for a declaratory judgment of noninfringement arising under the patent laws of the United States, Title 35 of the United States Code.

2. Defendant Wrist SP purports to be the owner of U.S. Patent No. 9,392,970 (the "'970 patent" or "the Asserted Patent") (attached as Exhibit A).

3. Apple does not infringe the Asserted Patent, as set forth below.

4. Wrist SP's actions and statements, including its allegations of infringement of the '970 patent by Apple as detailed below, have created a real and substantial controversy that warrants issuance of a declaratory judgment of noninfringement concerning whether Apple infringes the Asserted Patent.

5. This Court should not allow the imminent threat of a lawsuit to harm and cause uncertainty to Apple's business.

**THE PARTIES**

6. Apple is a California corporation with its principal place of business at One Apple Park Way, Cupertino, California 95014. Apple designs, manufactures, and markets mobile communication and media devices and personal computers, and sells a variety of related software, services, accessories, networking solutions, and third-party digital content and applications.

7. Apple's many pioneering and revolutionary products spanning its history include the Macintosh PC (first released in 1984), PowerBook (first released in 1991), Newton (first released in 1993), PowerMac (first released in 1994), iMac (first released in 1998), iPod (first released in 2001), iTunes Store (opened in 2003), MacBook (first released in 2006), iPhone and Apple TV (first released in 2007), Apple App Store (opened in 2008), Siri (first released in 2010), iPad (first released in 2010), Apple Pay (first released in 2014), Apple Watch (first released in 2015), and AirPods (first released in 2016).

8. The United States Patent and Trademark Office has awarded Apple thousands of patents protecting the technological inventions underlying Apple's groundbreaking products and services. Many well-known functionalities and features of Apple's products were made possible with the innovation of Apple engineers.

9. On information and belief, Wrist SP is a Delaware corporation having an address located at 11718 Bowman Green Drive, Reston, VA 20190.

**JURISDICTION AND VENUE**

10. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

11. Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), because, on information and belief, Wrist SP is incorporated in Delaware and maintains an agent for service of process in Delaware.

12. For the reasons set forth below, a substantial controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

13. Wrist SP's present threat to file a complaint against Apple asserting infringement of the '970 patent casts further uncertainty on Apple's business.

## PRIOR RELATED PROCEEDINGS

14. On July 24, 2023, WristDocs, LLC ("WristDocs") filed complaints for patent infringement against Apple (6:23-cv-00531 (W.D. Tex.)), Garmin (6:23-cv-00532 (W.D. Tex.)), Google (6:23-cv-00533 (W.D. Tex.)), and Zepp Health Corporation (6:23-cv-00536 (W.D. Tex.)) in the Western District of Texas alleging infringement of the '970 patent by each defendant, including Apple. The '970 patent is the subject of this action for declaratory judgment. WristDocs's complaint in the Apple Case (6:23-cv-00531 (W.D. Tex.)) is attached to this Complaint as Exhibit B.

15. The products accused of infringement in the Apple Case brought by WristDocs include Apple Watch (the "Accused Apple Products").

16. On August 21, 2023 WristDocs voluntarily dismissed, without prejudice, each of its complaints against Apple, Garmin, Google, and Zepp Healthcare Corporation pursuant to Fed. R. Civ. P. 41(a).

17. On August 25, 2023, Wrist SP filed complaints against Garmin (6:23-cv-00628 (W.D. Tex.)), Google (6:23-cv-00630 (W.D. Tex.)), and Zepp Health Corporation (6:23-cv-00633 (W.D. Tex.)) in the Western District of Texas alleging infringement of the '970 patent and sent

Apple a draft of a Complaint it intended to file in the Western District of Texas. The refiled complaints against Garmin, Google, and Zepp Health Corporation involve the same allegations regarding the '970 patent, as seen in the original complaint filed by WristDocs, LLC on July 24, 2023. The only change reflected in the August 25, 2023 complaints is the plaintiff.

18.   The present case is related to the refiled Garmin (6:23-cv-00628 (W.D. Tex.)), Google (6:23-cv-00630 (W.D. Tex.)), and Zepp Health Corporation (6:23-cv-00633 (W.D. Tex.)) cases, as well as the previously filed and voluntarily dismissed cases against Apple (6:23-cv-00531 (W.D. Tex.)), Garmin (6:23-cv-00532 (W.D. Tex.)), Google (6:23-cv-00533 (W.D. Tex.)) and Zepp Health Corporation (6:23-cv-00536 (W.D. Tex.)), pursuant to at least District of Delaware LR 3.1(b)(1), (2) and (3).

19.   In its draft complaint against Apple, Wrist SP alleges that it was formerly known as WristDocs LLC, the original Plaintiff in the 6:23-cv-00531, 6:23-cv-00532, 6:23-cv-00533 and 6:23-cv-00536 cases filed against Apple, Garmin, Google, and Zepp Health Corporation, respectively.  In the draft complaint, Wrist SP also alleges that Apple and the Accused Apple Products infringe at least claim 1 of the '970 patent.

## THE DECLARATORY JUDGMENT PATENT

20.   On information and belief, Defendant Wrist SP purports to be the owner of the '970 patent by assignment. The face of the '970 patent lists Mark Vastola as the sole named inventor.

21.   As of the filing of this Complaint, no assignment of ownership from the previous assignee to Wrist SP had been specifically recorded against the '970 patent in the United States Patent and Trademark Office's ("Patent Office") Patent Assignment Database.

## FIRST COUNT
### (Declaratory Judgment of Non-Infringement of U.S Patent No. 9,392,970)

22.   Apple repeats and realleges Paragraphs 1 through 21 of this Complaint.

23. A valid and justiciable controversy has arisen and exists between Wrist SP and Apple regarding the '970 patent.

24. Apple has not infringed and does not infringe at least claim 1, the only independent claim, of the '970 patent, directly, contributorily, or by inducement, literally or under the doctrine of equivalents, individually or jointly, including through the making, use, importation into the United States, sale, and/or offer for sale of the Accused Apple Products. Because Apple does not infringe claim 1 of the '970 patent, it does not infringe any other claim that depends from claim 1 of the '970 patent.

25. Claim 1 of the '970 patent is directed to:

A device comprising;

(a) two or more disposable pulse oximeter sensor modules, each comprising;

    (i) a light emitting source, wherein said light emitting source is capable of sequentially emitting a red light with a wavelength of about 660 nm and an infrared light with a wavelength of about 940 nm;

    (ii) a photodetector spaced apart from said light emitting source and capable of detecting reflected light from said light emitting source;

    (iii) a substrate adapted to support said light emitting source and said photodetector, said substrate comprising a molded plastic template;

    (iv) a source-detector connection connecting said light emitting source to said photodetector; and

    (v) a sensor cover having an integral sensor window, wherein said sensor cover is positioned to retain said light emitting source, said photodetector, and said source-detector connection between said sensor cover and said substrate; and

    wherein said sensor window is positioned to allow light from said light emitting source to pass through and to be detected by said photodetector;

(b) a banding mechanism, wherein said banding mechanism is configured to be worn around the wrist, and wherein the banding mechanism is capable of circumscribing the wrist, said banding mechanism having: a skin contacting surface, said skin contacting surface capable of maintaining contact with at least 50% of the wrist skin surface; and an integral pocket configured to receiving said two or more disposable pulse oximeter sensor modules;

(c) a strut enveloped lengthwise within said banding mechanism, wherein the strut is configured such that providing a bending pressure to the banding mechanism results in the coiling of the strut and ligature of the banding mechanism around the wrist;

(d) a window area on the skin contacting surface of said banding mechanism, wherein said window area comprises a pliable plastic sheet, and wherein said window area is integrated into said integral pocket and disposed to allow light to enter and exit the inner area of said integral pocket;

(e) a signal processing unit, wherein said signal processing unit is capable of receiving one or more signal from said photodetector and wherein said signal processing unit determines the percent of hemoglobin molecules bound with oxygen molecules by determining the ratio of absorbance between said red light and said infrared light based on said one or more signal from said photodetector.

  26.  Apple does not infringe at least claim 1 of the '970 patent because neither Apple nor the Accused Apple Products in operation perform all the limitations required by claim 1.

27. For example, and without limitation, claim 1 requires "two or more disposable pulse oximeter sensor modules" and "a strut enveloped lengthwise within said banding mechanism, wherein the strut is configured such that providing a bending pressure to the banding mechanism results in the coiling of the strut and ligature of the banding mechanism around the wrist." All dependent claims depend from claim 1 and require these limitations. At a minimum, the Accused Apple Products do not contain these limitations.

28. Accordingly, at least for the above reasons, the Accused Apple Products do not infringe claim 1 and all dependent claims of the '970 patent, either literally or under the doctrine of equivalents.

29. Apple also does not induce infringement of the '970 patent, or otherwise indirectly infringe the '970 patent, because neither Apple nor the Accused Apple Products in operation directly infringe the '970 patent for at least the reasons stated above and because Apple has not acted with the specific intent necessary for induced infringement.

30. Apple also does not contributorily infringe at least claim 1 of the '970 patent because there is no direct infringement for at least the reasons stated above and because the Accused Apple Products have substantial non-infringing uses. Because all claims depend from claim 1 of the '970 patent, there is no contributory infringement of any claim of the '970 patent.

31. Apple also does not jointly infringe at least claim 1 of the '970 patent in conjunction with any other party at least because there is no direct infringement for at least the reasons stated above. Because all claims depend from claim 1 of the '970 patent, Apple does not jointly infringe any claim of the '970 patent.

32. As set forth above, there exists an actual controversy between Apple and Defendant with respect to alleged infringement of the '970 patent of sufficient immediacy and reality to

warrant the issuance of a declaratory judgment as to whether the '970 patent is infringed by Apple or the Accused Apple Products. Accordingly, Apple is entitled to a judicial determination and declaration that it has not directly infringed, induced others to infringe, or contributed to the infringement of any claim of the '970 patent.

33. A judicial determination is necessary and appropriate so that Apple may ascertain its rights regarding the claims of the '970 patent and with regard to designing, developing, manufacturing, marketing, and selling the Accused Apple Products.

## PRAYER FOR RELIEF

WHEREFORE, Apple respectfully requests that judgment be entered:

a. Declaring that Apple has not and does not infringe, directly, contributorily, by inducement, literally or by equivalents, jointly, or willfully, any claim of the '970 Patent by making, using, selling, offering to sell, and/or importing of the Accused Apple Products;

b. Declaring that the Accused Apple Products do not infringe, directly, contributorily, by inducement, literally or by equivalents, jointly, or willfully, any claim of the '970 Patent;

c. If the facts demonstrate that the case is exceptional within the meaning of 35 U.S.C. § 285, an award to Apple of its reasonable attorneys' fees, expenses, and costs associated with this action; and

d. Awarding Apple any other remedy or relief to which it may be entitled and which the Court deems just, proper, and equitable.

## JURY DEMAND

Apple demands a jury trial on all issues and claims so triable.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | By: */s/ David E. Moore* |
|  | David E. Moore (#3983) |
| Garland Stephens | Bindu A. Palapura (#5370) |
| Anna Dwyer | Andrew M. Moshos (#6685) |
| Robert Magee | Hercules Plaza, 6th Floor |
| Jeff Risher | 1313 N. Market Street |
| BLUE PEAK LAW GROUP LLP | Wilmington, DE 19801 |
| Tel: 281-972-3036 | Tel: (302) 984-6000 |
| garland@bluepeak.law | dmoore@potteranderson.com |
| anna@bluepeak.law | bpalapura@potteranderson.com |
| robert@bluepeak.law | amoshos@potteranderson.com |
| jeff@bluepeak.law |  |
|  | *Attorneys for Plaintiff Apple Inc.* |

Dated: August 25, 2023
10987645